IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

NATE LEE LOUCKS, #142007                                             PLAINTIFF

VERSUS                                        CIVIL ACTION NO.  2:12-cv-63-KS-MTP

CHRISTOPHER EPPS, ET AL.                                            DEFENDANTS

<u>MEMORANDUM OPINION</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

Loucks, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se*

Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff was granted permission to proceed *in forma*

*pauperis* in this case.  The named Defendants are Christopher Epps, Commissioner of MDOC;

Ronald King, Superintendent of South Mississippi Correctional Institute (SMCI); Alicia Box,

Records Officer at SMCI; and Sherry Robinson, Director of Records for MDOC.  Upon

liberal review of the Complaint and subsequent pleadings, the Court has reached the

following conclusions.

I.      Background

Plaintiff states that he is currently serving a 5-year term of imprisonment based on

a probation violation for his conviction of failing to register as a sex offender.  Plaintiff

complains that MDOC will not place him in "trusty status" or provide him with good-time

credits or earned time credits because they have incorrectly classified his offense as a sex

offense.  Plaintiff argues that MDOC can not provide any statutory authority for their decision to

place him in a different custodial classification level than "trusty" or their decision to deny him

good-time or earned time credits.[1]

In Plaintiff's original Complaint he sought the following relief:  an order directing

MDOC to "refigure my sentence with 30 for 30 good time, issue a corrected time sheet showing

me past my release date, immediate and unconditional release from custody, and financial

renumeration [sic] equal to the maximum allowable and applicable amounts under the laws of

the State of Mississippi" along with an evidentiary hearing.  Compl. [1] at 4.  Since Plaintiff

sought release from incarceration, an Order [6] was entered advising plaintiff that release from

incarceration is not available in a suit filed pursuant to 42 U.S.C. § 1983.   The Order also

advised plaintiff that habeas corpus provides the exclusive federal remedy available to a state

prisoner seeking a speedier or immediate release from incarceration.  The Order went on to

provide the plaintiff with an opportunity to file a notice of voluntary dismissal or file a written

response stating that he wishes to proceed with this § 1983 complaint.  The Order also directed

the Clerk to send Plaintiff a packet of habeas corpus forms for state inmates seeking release from

incarceration.

Plaintiff filed his Response [7] wherein he states that his "desire to pursue this action

pursuant to 42. U.S.C. § 1983 is unwavering" and he "requests that the relief he sought for

immediate release be dropped and instead be replaced with a request for monetary compensation

in the amount of $250,000.00."  Resp. [7] at 1.  Thereafter, an Order [9] was entered directing

---

[1]As explained by the Mississippi Supreme Court "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So.2d 271, 274 n.2 (Miss.2007)(citing Miss.Code Ann. § 47-5-138.1 (Rev.2004)).  Furthermore, "an inmate may receive an earned time allowance . . . for each thirty days served if the department [MDOC] determines that the inmate has complied with the good conduct and performance requirements of the earned time allowance program." Miss.Code Ann § 47-5-138 (5).

Plaintiff to file a response to specifically state if his conviction or sentence has been invalidated

by any of the means set forth in *Heck v. Humphrey*.  Plaintiff was also directed to state how each

Defendant violated his constitutional rights, and what injury, if any, he suffered by the alleged

actions of the Defendants.  Plaintiff filed his Response [10] confirming that his conviction and

sentence have not been invalidated.[2]  The Court has applied a liberal construction to Plaintiff's

Complaint and Responses to conclude that the relief Plaintiff seeks is an Order from this Court

directing MDOC to (1) place him in trusty status, (2) recalculate his term of imprisonment by

applying 30 days good-time or earned time credit for every 30 days he has served, (3) produce a

time sheet that reflects he is being incarcerated past his release date, and (4) pay him monetary

damages.

## II.    Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines

an action "fails to state a claim on which relief may be granted" or  "is frivolous or malicious."

*See* 28 U.S.C. § 1915 (e)(2)(B).  The Fifth Circuit deems a complaint to be frivolous "if it lacks

an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn*

---

[2]In this Response, Plaintiff also states that he has suffered "two separate and distinct injuries" with the first injury being the loss of wages he could have earned if he would have been released prior to fully serving his 5-year sentence.  Resp. [10] at 7.  The second injury Plaintiff claims is "unwarranted mental suffering."  *Id.* at 8.  As support for this, Plaintiff states that "a little more than a year ago," he suffered a mild stroke and was "improperly" diagnosed and treated by the medical staff.  *Id.*  Plaintiff maintains that "had he been released, he would have been able to seek proper medical treatment, not that which is given to those persons housed in prisons."  *Id.*  Plaintiff also claims that the "lack of any consistent or meaningful work or ability to get regular daily exercise" could possibly have a long-term, negative impact on his physical condition.  *Id.* at 9-10.  The Court does not construe these statements, found in Plaintiff's second Response and asserted in support of his alleged injury of  "mental suffering," to be an attempt to assert separate Eighth Amendment claims against the Defendants named in this case.  However, the Court recognizes that claims for denial of medical care and lack of recreation can develop into viable claims under § 1983.  With that said, the Court will direct the Clerk to send a packet of § 1983 complaint forms to the Plaintiff in case he wishes to pursue any conditions of confinement claims regarding his medical care or recreation against the appropriate persons.

*v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff Loucks

to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening

procedures set forth in 28 U.S.C. § 1915(e)(2).

### A. Habeas Corpus Claims

Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional

prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983. *See Cook v.*

*Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). In

contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner

challenging the fact or duration of his confinement and seeking a speedier or immediate release

from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v.*

*Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody

cannot use a § 1983 action to challenge the fact or duration of his confinement"). Plaintiff must

pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas

corpus. *Cook*, 37 F.3d at 166 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)).

Plaintiff claims that if MDOC would provide him with the earned time or good-time

credits he deserves that his term of imprisonment would be complete and he would be

immediately released from incarceration. Hence, an Order directing MDOC to recalculate

Plaintiff's term of imprisonment by applying 30 days good-time or earned time credit for every

30 days he has served would result in the Plaintiff receiving an accelerated release from

incarceration. Since Plaintiff's request for good-time credits must be pursued through a

petition for habeas corpus relief,[3] these claims will be dismissed from this § 1983 case without

prejudice. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(holding that habeas corpus is

the exclusive remedy for an inmate's challenge to the loss of good-time credits); *Hernandez*

*v. Livingston*, No. 12-50020, 2012 WL 5195813, at *2 (5th Cir. 2012)("A prisoner's

challenge to the fact or duration of his confinement that seeks a shorter term of confinement .

. . must be brought in a habeas corpus action, not a § 1983 action.").

### B.  Section 1983 Claims

Initially, the Court notes that trusty status is a classification or custody level within

MDOC.  An inmate does not have a constitutional right to receive a certain custodial

classification while incarcerated.  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995).  As the

Fifth Circuit has explained, the classification of prisoners in certain custody levels is well within

the broad discretion of prison officials and should be "free from judicial intervention."  *McCord*

*v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).  Therefore, Plaintiff's

request for a certain classification level or placement in trusty status will be dismissed.  *See*

*Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010) (holding inmate's "mere disagreement

with a [custodial] classification is insufficient to establish a constitutional violation").

Furthermore, "a state prisoner's § 1983 action is barred (absent prior invalidation) -- no

matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

(state conduct leading to conviction or internal prison proceedings) -- *if* success in that action

would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v.*

---

[3]As earlier stated, the Clerk sent a packet of habeas corpus forms to the Plaintiff.  To date, Plaintiff has not filed a habeas corpus case with this Court.

*Dotson*, 544 U.S. 74, 81-82 (2005).  Plaintiff maintains that his term of imprisonment would be

complete if MDOC would classify him correctly and provide him with the requested sentence

credits.  If the Court were to agree and determine that MDOC is improperly denying Plaintiff

earned time credits or good-time credits, such a finding "would necessarily demonstrate the

invalidity of [Plaintiff's] confinement or its duration." *Id.*  Therefore, Plaintiff may only proceed

with these claims under § 1983 if he proves that his conviction or sentence has been invalidated.

Specifically, "plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

such a determination, or called into question by a federal court's issuance of a writ of habeas

corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Even though "the application of good

conduct time is not a judgment" an inmate's claim for good conduct time does "attack[] the

conditions of his restraint under his judgment of conviction," meaning, he can seek relief in a

federal habeas petition, which if granted in his favor, would constitute the necessary invalidation

for *Heck* purposes.  *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991)(finding a state

prisoner's claim that the Texas Department of Corrections unconstitutionally refused to consider

his application for good conduct time is properly pursued in a § 2254 habeas petition).  As

explained above, Plaintiff was sent habeas corpus forms by the Clerk, and to date Plaintiff has

not sought, much less obtained, federal habeas relief for his claims.  Nor has Plaintiff

demonstrated prior invalidation, by any other means, as required for this case to proceed under

§ 1983.[4]  As such, the Court finds that Plaintiff's § 1983 claims seeking declaratory relief and

---

[4] Although Plaintiff submits copies of the denials to his prison grievances claiming he is entitled
to these sentence credits, along with an Order issued by the Circuit Court for Greene County upholding
the decision of the prison administrative remedy program, he does not provide any indication that he has
appealed the decision of the Circuit Court or received a ruling in his favor.  State law does provide an

money damages are not cognizable at this time.  *See e.g., Evans v. Baker*, 442 F. App'x 108, 110

(5th Cir. 2011)(finding dismissal under *Heck* and *Edwards* of inmate's § 1983 complaint seeking

declaratory relief to be proper even after inmate withdrew his claim to have good-time credits

restored).

As a final point, the Court finds that Plaintiff is not entitled to relief under § 1983 based

on a claim that MDOC policy and procedure was violated by his classification level and by the

lack of a favorable response to his prison grievances.  These type allegations, without more,

simply do not rise to a level of constitutional deprivation.  *See Guiden v. Wilson,* 244 F. App'x

980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A

violation of a prison rule by itself is insufficient to set forth a claim of a constitutional

violation.");  *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(holding inmate

does not have a federally protected liberty interest in having prison grievances investigated or

resolved to his satisfaction).

## III.    Conclusion

As discussed above, Plaintiff's habeas corpus claims will be dismissed from this § 1983

case without prejudice.  Plaintiff's § 1983 claims are dismissed as legally frivolous and for

failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).[5]  The dismissal of

Plaintiff's § 1983 claims are with prejudice until the *Heck* conditions are met.  *See Johnson v.*

---

avenue for Plaintiff to appeal the decision rendered by the Circuit Court.  *See e.g., Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss. Ct. App. 2010)(inmate appealed Circuit Court's decision upholding MDOC's denial of administrative remedy regarding earned time credit).

[5]*See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(finding *Heck* barred claims are legally frivolous);  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(holding "[u]nder *Heck,* Johnson cannot state a claim" until his conviction is invalidated).

*McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(finding claims are properly "dismissed with

prejudice . . . until the *Heck* conditions are met").

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 23rd day of January, 2013.


                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE